UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMELESS SPIRITS AND DRINKS LLC,<br><br>Plaintiff,<br><br>v.<br><br>BACARDI U.S.A., INC.,<br><br>Defendant. | Civil Action No. 4:25-cv-2549<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff, Timeless Spirits and Drinks LLC ("Timeless"), by and through its attorneys, Fegan Scott LLC, brings this Complaint against Bacardi U.S.A., Inc. ("Bacardi") for trademark infringement, unfair competition, and trademark dilution.

1.      Founded in Rosharon, Texas in 2019 by Amber Ferrell-Steele ("Amber"), Timeless is a black-owned business that has found profound success in marketing and selling its ultra-premium Timeless Vodka throughout Texas, the United States, and internationally. Timeless owns the registered mark: TIMELESS VODKA MOMENTS MATTER, MAKE THEM TIMELESS.

2.      Bacardi is the largest privately owned spirits company in the world, with over 200 brands and labels. These include both Bacardi Rum and Grey Goose Vodka.

3.      In 2020, shortly after forming Timeless, Amber applied for a grant from Bacardi, which was sponsoring grants for black-owned businesses in the spirits industry. Her application prominently featured the Registered Mark. Bacardi denied her request for a grant and then began prominently using an infringing mark in its own marketing (the "Infringing Mark"). This lawsuit seeks to right that wrong.

1

### I. PARTIES

4. Plaintiff, Timeless Spirits and Drinks LLC, is a Texas limited liability company organized under the laws of the State of Texas, with a principal place of business of 3434 Cassini Drive, Rosharon, TX 77583.

5. Defendant, Bacardi U.S.A., Inc., is a foreign for-profit corporation organized under the laws of the State of Florida, with a principal place of business of 2701 Le Jeune Road, Coral Gables, FL 33134. Bacardi's registered agent in Texas is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### II. JURISDICTION AND VENUE

6. This Complaint brings claims under the Lanham Act, as amended. 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a). Further, the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this case is between citizens of different States (Texas and Florida) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear the state law claims pertaining to trademark infringement and trademark dilution because they form part of the same case or controversy.

8. This Court has personal jurisdiction over Bacardi because it is registered to do business in the State of Texas and is subject to personal service here through its registered agent.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Bacardi resides in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this case occurred here.

### III.    FACTS

A. **Timeless Vodka and the Registered Mark**

10. On March 20, 2019, Timeless was incorporated by Amber Ferrell-Steele following a conversation with her husband, who was not a big drinker, and the idea of creating a smooth-tasting vodka that they could enjoy together.

11. On March 26, 2019, Amber began using the slogan "Make Moments Matter, Make Them Timeless," stemming from a message her husband wrote in a card to her, signifying that even if the memory fades, the feeling should remain timeless.

12. On that same date, Timeless began marketing its ultra-premium vodka, Timeless Vodka, utilizing the slogan.

13. After extensive research and development, on January 28, 2020, Timeless launched Timeless Vodka, continuing its use of the slogan in marketing endeavors.

14. On April 28, 2020, Timeless filed its application with the United States Patent and Trademark Office ("USPTO") to register the trademark, TIMELESS VODKA MOMENTS MATTER, MAKE THEM TIMELESS ®, Reg. No. 6199596, for use in connection with "Wines and Distilled Alcoholic Liquors" (the "Registered Mark"). The registration of the Registered Mark consists of the letter "T interconnected with a V, with the bottom right and side top portion of the T missing and the top right portion of the V missing, above the words Timeless Vodka, which is above the words *Moments Matter, Make Them Timeless*" (emphasis added). Color is not claimed as a feature of the trademark. *See* **Exhibit A** attached hereto.



15. The Timeless Registered Mark was published for opposition on September 1, 2020, and subsequently registered on November 17, 2020, after no oppositions were filed.

16. Since its conception, Timeless has spent hundreds of thousands of dollars in developing and protecting the Registered Mark.

17. Timeless utilizes the Registered Mark for marketing and sales. Timeless markets and sells its vodka both in physical liquor stores in Texas and throughout the United States, and online at www.timelessvodka.com, which sells Timeless products to customers throughout Texas, the United States, and internationally.

18. Timeless' marketing efforts include: on-site demonstrations and samples by brand ambassadors and agencies; festivals; social media campaigns utilizing sponsored advertisements; displays and end caps in various major retailers; community partnerships; influencer collaborations; industry trade shows; hosting craft mixology classes on and off premises locations; speaking on panels; and entering into notable competitions for taste and packaging, such as San Francisco World Spirits Competition and "SIP" awards. The Registered Mark appears prominently in all of Timeless' marketing.

19. Since its launch, Timeless has sold over 26,000 bottles. The Registered Mark appears on every bottle sold. Timeless Spirits and Drinks, a subsidiary of Timeless Vodka, who also utilizes the Registered Mark, has sold 28,000 bottles, with the Registered Mark appearing on each bottle sold. [1]

### B. Bacardi Learns of the Registered Mark but Attempts to Register an Infringing Mark and Use the Infringing Mark Throughout Its Marketing

20. Bacardi is the largest privately owned spirits company in the world, with over 200 brands and labels. These include both Bacardi Rum and Grey Goose Vodka. Bacardi's yearly revenue regularly exceeds $4 billion.

21. On November 25, 2020, Amber became aware of "Backing the B.A.R.," a joint venture between the National Association for the Advancement of Colored People ("NAACP") and Bacardi to "support Black-owned businesses in the beverage-alcohol service, sales, and hospitality industries" by offering a grant. [2]

22. On December 6, 2020, Amber, on behalf of Timeless, applied for the grant by uploading a video submission in which she expressed the importance of the "MOMENTS MATTER" verbiage, along with the background of the Registered Mark and what it represents to the Timeless brand.

23. Timeless was not selected for the grant.

24. On or about November 25, 2021, Bacardi launched a digital holiday catalogue and, in an article from ForeverBermuda.com, a spokesperson said, "We make moments matter when

---

[1] Amber also owns "Zeal Rum," which has over 34,000 bottles sold. The Registered Mark does not appear on Zeal Rum bottles.
[2] *See People-First Approach Bacardi U.S.A., Inc. Lead Great Place to Work Certification for the Fourth Year in a Row*, BACARDI LIMITED (Aug. 12, 2021), https://www.bacardilimited.com/media/news-archive/people-first-approach-at-bacardi-usa-inc-leads-to-great-place-to-work-certification-for-the-fourth-year-in-a-row/ (last visited June 2, 2025).

we surprise and delight our friends and family with a thoughtful gift."[3] *See* **Exhibit B** attached hereto.

25. On December 7, 2021, Tony Latham, executive vice president and CFO of Bacardi, stated in an article on FeleneVodka.com: "As 2022 brings new perspective, people are coming together with a strong desire to 'make moments matter.'"[4] *See* **Exhibit C** attached hereto.

26. Bacardi continues to utilize the Infringing Mark and "MOMENTS MATTER" verbiage across social media marketing, including Instagram, with a specific "Moments" highlight in which they ask followers to "Show us how you Make Moments Matter with Bacardi."



27. To date, the Bacardi Limited "Our Purpose" webpage prominently displays "Our Purpose MAKE MOMENTS MATTER."[5]

---

[3] *Bacardi Launches Digital 2021 Holiday Catalogue*, FOREVERBERMUDA.COM (Nov. 25, 2021), https://www.foreverbermuda.com/bacardi-launches-digital-2021-holiday-catalogue/ (last visited June 2, 2025).
[4] Timothy Kelly, *Bacardi: Top Five Cocktail Trends in 2022*, FELENEVODKA.COM (Dec. 7, 2021), https://felenevodka.com/liquor-store-news/bacardi-top-five-cocktail-trends-in-2022/ (last visited June 2, 2025).
[5] *Our Purpose*, BACARDILIMITED.COM, https://www.bacardilimited.com/our-company/about-us/#our-purpose-block (last visited June 2, 2025).

6



28.     On November 26, 2021, Bacardi filed an application with the USPTO to trademark the slogan "Make Moments Matter" (the "Infringing Mark") in connection with the marketing of alcoholic beverages, including premium vodka. *See* **Exhibit D** attached hereto.

29.     On December 7, 2021, Timeless became aware of Bacardi's use of the Infringing Mark.

30.     On July 11, 2022, Timeless sent a Cease and Desist letter to Bacardi, in which Timeless provided the distinct similarities between Bacardi's Infringing Mark and the Timeless Registered Mark, as well as proof of Timeless' trademark registration. *See* **Exhibit E** attached hereto.

31.     On November 16, 2022, Timeless filed an Opposition to Bacardi's trademark application on the grounds of likelihood of confusion. *See* **Exhibit F** attached hereto.

32.     Bacardi submitted its Withdrawal of Application to the USPTO on May 30, 2023. *See* **Exhibit G** attached hereto. The USPTO then sustained Timeless' Opposition to Bacardi's application. *See* **Exhibit H** attached hereto.

33.     Bacardi has continued to perpetuate its association with the Registered Mark by use of the Infringing Mark in marketing with countless press releases and statements since receipt of the Cease and Desist letter, on or about July 11, 2022, including, but not limited to (emphasis added throughout):

   a. Sven van de Voorde, product marketing manager's published statement regarding the Bacardi-Martini partnership with Productsup (previously World of Content) in June of 2022, stating "Celebrating ***Moments That Matter***, One Drink At A Time."[6] *See* **Exhibit I** attached hereto.
   b. November 1, 2023, Bacardi Global Travel Retail partnered with Eurotrade and during the launch of Dewar's Double Agent 16 Year Old, Sam Pickard, the Bacardi global travel retail director Europe, commented that Dewar's "want[s] to make ***moments matter*** for [their] consumers."[7] *See* **Exhibit J** attached hereto.
   c. A Bacardi spokesperson stated that the Bacardi 1862 Holiday Pop-Up "from November 14th to December 23rd, [2023] … is set to become the ideal space for friends, family, and colleagues to come together, discover new brands, and truly ***Make Moments Matter*** during this festive season,"[8] on November 15, 2023. *See* **Exhibit K** attached hereto.
   d. January 26, 2024, Luiz Schmidt, Managing Director of Bacardi Australia stated that "[a]s a company, [their] purpose to "***make moments matter***" is embedded in everything [they] do."[9] *See* **Exhibit L** attached hereto.
   e. In August of 2022, Zeenah Vilcassim, director of marketing for Bacardi India, responded to a question with ETBrandEquity interviewer by stating, "at the heart of everything we do, we want to create ***moments that matter***."[10] *See* **Exhibit M** attached hereto.

---

[6] Sven van de Voorde, *Bacardi-Martini Chooses Productsup's Platform: "A Partnership you can Reply on,"* (Aug. 30, 2021), PRODUCTSUP.COM, https://www.productsup.com/media/collaboration-bacardi-martini-and-productsup/ (last visited June 2, 2025).

[7] Jill Sayles, *Dewar's Double Agent 16 Year Old Lunches at Munich Airport with Eurotrade* (Nov. 1, 2022), DFNIONLINE.COM, https://www.dfnionline.com/latest-news/dewars-double-agent-16-year-old-launches-munich-airport-eurotrade-01-11-2022/ (last visited June 2, 2025).

[8] *Bacardi 1862 Holiday Pop-Up Launched* (Nov. 15, 2023), BERNEWS.COM, https://bernews.com/2023/11/bacardi-launches-bacardi-1862-holiday-pop-up/ (last visited June 2, 2025).

[9] Cody Profaca, *"Making Moments Matter" with Bacardi Australia's MD* (Jan. 26, 2024), DRINKSTRADE.COM.AU, https://www.drinkstrade.com.au/making-moments-matter-with-bacardi-australias-md (last visited June 2, 2025).

[10] Sohini Ganguly, *Creating Moments that Matter, Using Martech: Zeenah Vilcassim, Bacardi India*, BRANDEQUITY.COM, https://brandequity.economictimes.indiatimes.com/news/marketing/creating-moments-that-matter-using-martech-zeenah-vilcassim-bacardi-india/93508206 (last visited June 2, 2025).

34. To date, Bacardi continues to use the Infringing Mark in various marketing visuals throughout the Bacardi webpage and social media accounts since receipt of the Cease and Desist letter, on or about July 11, 2022, and Withdrawal of Application with the USPTO, on or about May 30, 2023, including, but not limited to:

a. Using the Infringing Mark as a tag on Instagram, as well as a highlight story. S*ee* **Exhibit N** attached hereto.
b. Using the Infringing Mark on the main page of their Environmental, Social, and Governance ("ESG") website page,[11] *See* **Exhibit O** attached hereto.



c. Using the Infringing Mark on the Community page of their Sustainability portion website page.[12] *See* **Exhibit P** attached hereto.

> No matter what your BACARDÍ spirit of choice is, there's a single ingredient that links them all: people. Because we wouldn't be where we are today without our people and communities. That's why we invest so much time, effort, and energy into supporting them. Making all moments matter – all around the world.

d. Using the Infringing Mark as a hashtag on X.[13] *See* **Exhibit Q** attached hereto.

---

[11] *Corporate Sustainability*, BACARDILIMITED.COM, https://www.bacardilimited.com/esg/ (last visited June 2, 2025).
[12] *Community*, BACARDI.COM, https://www.bacardi.com/sustainability/community-page/ (last visited June 2, 2025).
[13] @BacardiLimited, X.COM, (Feb. 4, 2022, 7:54 AM) https://x.com/BacardiLimited/status/1489598322025377793 (last visited June 2, 2025).



e. Until very recently, using the Infringing Mark on the biography portion of the Bacardi LinkedIn[14] web page. *See* **Exhibit R** attached hereto.



35. All of the foregoing constitutes trademark use, as Bacardi used the Infringing Mark in conjunction with its marketing to sell Bacardi Rum and Grey Goose Vodka.

36. Timeless began utilizing the Registered Mark long before Bacardi began utilizing the Infringing Mark.

---

[14] Bacardi, LINKEDIN, https://bm.linkedin.com/company/bacardi/life (last visited Apr. 21, 2025). Bacardi recently changed the language in their biography.

10

37. Timeless had trademarked the Registered Mark far before Bacardi began utilizing the Infringing Mark.

38. Timeless has priority over Bacardi and is a senior user.

39. At all times relevant herein, Bacardi knew or should have known of Timeless' prior use and ownership of the Registered Mark.

40. Bacardi's continued unauthorized and intentional use of the Infringing Mark is likely to confuse consumers. Confusion is likely to occur for at least the following reasons: (i) the Registered Mark and Infringing Mark are strikingly similar as both utilize the same core phrase: "Moments Matter," (ii) Timeless and Bacardi are in the same industry, distilled spirits, both make premium spirits, including vodka, and Bacardi used the Infringing Mark in its marketing for both its Bacardi Rum and Grey Goose Vodka, (iii) Timeless and Bacardi's products are sold in the same retail outlets: liquor stores in Texas and throughout the United States, and (iv) Bacardi intended to infringe the Registered Mark, as evidenced by its continued use despite receiving notice of its infringement time and time again, including the judgment of the USPTO.

41. In light of this likelihood of confusion, consumers are likely to perceive that there is a connection or association between Timeless and Bacardi as to source, sponsorship, or affiliation, when none in fact exists.

42. Bacardi's unauthorized and intentional use of the Infringing Mark has caused, and will continue to cause, Timeless to suffer irreparable damages, including damage to business, reputation, and goodwill, which has and will continue to result in Timeless sustaining loss of revenue and profits.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114)

43. Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if fully stated herein.

44. Section 31(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the marketing, sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, mistake, or deception.

45. At all times relevant herein, Timeless has owned, and continues to own, protectable federal rights in its Registered Mark.

46. Timeless has priority over Bacardi.

47. As demonstrated above, Bacardi's use of the Infringing Mark has been prevalent in various forms, including but not limited to, verbal and published interviews, as well as the Bacardi website, and across Bacardi's social media platforms.

48. Bacardi is unlawfully using the Infringing Mark in connection with its distilled alcoholic liquor branding and marketing and is doing so without permission or authority from Timeless.

49. Through the unauthorized use of the Infringing Mark, Bacardi is unfairly benefiting from the goodwill and reputation of Timeless, causing substantial and irreparable injury to Timeless.

50. At all times relevant herein, Bacardi knew or should have known of Plaintiff's prior use and ownership of the Registered Mark.

51. Bacardi's continued use of the Infringing Mark is willful and shows Bacardi's deliberate exploitation of the goodwill of the Registered Mark, as built by Timeless.

52. Bacardi has, and will continue to, unlawfully use the Infringing Mark unless enjoined.

53. Bacardi's acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

54. As a direct and proximate result of Bacardi's willful and infringing actions, Timeless has suffered, and will continue to suffer, damage to business, reputation and goodwill, and loss of profits.

55. In light of the Defendant's willful and intentional infringement, this is an exceptional case under 15 U.S.C. § 1117(a).

WHEREFORE, Plaintiff demands judgment against Defendant Bacardi U.S.A., Inc. for an amount to be determined at the trial of this cause, an order preliminarily and permanently enjoining Defendant from use of the Infringing Mark, disgorgement of all profits, and punitive damages, including attorneys' fees, disbursements and costs, and pre-judgment and post-judgment interest according to the law.

## COUNT II: FEDERAL UNFAIR COMPETITION
### (Lanham Act, 15 U.S.C. § 1125(a))

56. Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if fully stated herein.

57. Bacardi has a long history of acquiring other alcoholic beverage companies, including:

   a. General Beverage, the owner of Martini & Rossi Group in 1993;
   b. Dewar's, Bombay, and Bombay Sapphire in 1998;
   c. Grey Goose Vodka in 2004; and
   d. Patron in 2018.

58. Bacardi's use of the Infringing Mark for, or in connection with, the sale, offering for sale, distribution, and/or advertising of its distilled alcoholic beverages, including, but not limited to, Grey Goose Vodka, falsely represents or suggests that there is some agreement or authorization from Timeless to do so.

59. Bacardi's use of the Infringing Mark is likely to confuse consumers into mistakenly believing that there is an association or agreement between Timeless and Bacardi when there is not.

60. Bacardi's continued use of the Infringing Mark is willful and shows Bacardi's deliberate exploitation of the goodwill of the Registered Mark as built by Timeless.

61. Bacardi has and will continue to unlawfully use the Infringing Mark unless enjoined.

62. Bacardi's conduct constitutes federal unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

63. As a direct and proximate result of Bacardi's willful and infringing actions, Timeless has suffered, and will continue to suffer, unquantifiable monetary damages, damage to business, reputation and goodwill, as well as loss of profits.

WHEREFORE, Plaintiff demands judgment against Defendant Bacardi U.S.A., Inc. for an amount to be determined at the trial of this cause, an order preliminarily and permanently enjoining Defendant from use of the Infringing Mark, disgorgement of all profits, and punitive damages, including attorneys' fees, disbursements and costs, and pre-judgment and post-judgment interest according to the law.

## COUNT III: FEDERAL TRADEMARK DILUTION
### (Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))

64. Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if fully stated herein.

65. Timeless' Registered Mark is known throughout the State of Texas, as well as multiple other geographical areas within the United States and internationally.

66. Timeless' use of the Registered Mark in the sales and marketing of its distilled alcoholic liquor brand was well known throughout Texas, the United States, and internationally prior to Bacardi's unauthorized use of the Infringing Mark.

67. Bacardi's use of the Infringing Mark dilutes and/or is likely to dilute the distinctiveness of the Timeless Registered Mark.

68. Bacardi's use of the Infringing Mark in the marketing and branding of its alcoholic beverages, including, but not limited to, Grey Goose Vodka, is likely to cause blurring in the minds of consumers regarding the distinctiveness of Timeless' Registered Mark and its association with Timeless Vodka and other Timeless products.

69. At all times relevant herein, Bacardi knew or should have known of Timeless' prior use and ownership of the Registered Mark.

70. At all times relevant herein, Timeless had priority over Bacardi.

71. Bacardi's continued use of the Infringing Mark is willful and shows Bacardi's deliberate exploitation of the goodwill associated with the Registered Mark.

72. Bacardi has and will continue to unlawfully use the Infringing Mark unless enjoined.

73. Bacardi's deliberate and intentional use of the Infringing Mark has and/or is likely to dilute the distinctiveness of Timeless' Registered Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

74. As a direct and proximate result of Bacardi's willful and infringing actions, Timeless has suffered, and will continue to suffer, damage to business, reputation and goodwill, and loss of profits.

WHEREFORE, Plaintiff demands judgment against Defendant Bacardi U.S.A., Inc. for an amount to be determined at the trial of this cause, an order preliminarily and permanently enjoining Defendant from use of the Infringing Mark, disgorgement of all profits, and punitive damages, including attorneys' fees, disbursements and costs, and pre-judgment and post-judgment interest according to the law.

**COUNT IV: TEXAS TRADEMARK DILUTION**
**(Tex. Bus. & Com. Code § 16.103)**

75. Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if fully stated herein.

76. Timeless' Registered Mark was registered with the USPTO in March of 2019 under U.S. Reg. No. 6199596.

77. Timeless' Registered Mark is known within the State of Texas.

78. Timeless' Registered Mark is widely recognized by the consuming public throughout the State of Texas or at least in various geographic areas of Texas.

79. Timeless' Registered Mark became well known throughout the State of Texas before Bacardi's unauthorized use of the Infringing Mark began in Texas.

80. Bacardi has a long history of acquiring other alcoholic beverage companies, including:

      a.      General Beverage, the owner of Martini & Rossi Group in 1993;
      b.      Dewar's, Bombay, and Bombay Sapphire in 1998;
      c.      Grey Goose Vodka in 2004; and
      d.      Patron in 2018.

81. Bacardi's use of the Infringing Mark for, or in connection with, the sale, offering for sale, distribution, and/or advertising of its distilled alcoholic beverages, including, but not limited to, Grey Goose Vodka, falsely represents or suggests that there is some agreement or authorization from Timeless to do so.

82. Bacardi's unauthorized use of the Infringing Mark is likely to cause dilution of Timeless' Registered Mark by impairing its distinctiveness and/or by harming its reputation.

83. At all times relevant herein, Bacardi has been aware of Plaintiff's prior use and ownership of the Registered Mark.

84. At all times relevant herein, Timeless had priority.

85. Bacardi's continued use of the Infringing Mark is willful and shows Bacardi's deliberate exploitation of the goodwill associated with the Registered Mark.

86. Bacardi has, and continues to, willfully cause dilution of Timeless' Registered Mark.

WHEREFORE, Plaintiff demands judgment against Defendant Bacardi U.S.A., Inc. for an amount to be determined at the trial of this cause, an order preliminarily and permanently enjoining Defendant from use of the Infringing Mark, disgorgement of all profits, and punitive damages, including attorneys' fees, disbursements and costs, and pre-judgment and post-judgment interest according to the law.

## COUNT V: COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

87. Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if fully stated herein.

88. Timeless' use of the Registered Mark began in March of 2019.

89. Bacardi's use of the Infringing Mark began on or about Fall of 2021.

90. Timeless has priority over Bacardi.

91. Bacardi has a long history of acquiring other alcoholic beverage companies, including:

   a. General Beverage, the owner of Martini & Rossi Group in 1993;
   b. Dewar's, Bombay, and Bombay Sapphire in 1998;
   c. Grey Goose Vodka in 2004; and
   d. Patron in 2018.

92. Bacardi's use of the Infringing Mark for, or in connection with, the sale, offering for sale, distribution, and/or advertising of its distilled alcoholic beverages, including, but not limited to, Grey Goose Vodka, falsely represents or suggests that there is some agreement or authorization from Timeless to do so.

93. Through the unauthorized use of the Infringing Mark, Bacardi is unfairly benefiting from the goodwill and reputation built by Timeless, causing substantial and irreparable injury to Timeless.

94. At all times relevant herein, Bacardi has been aware of Timeless' prior use and ownership of the Registered Mark.

95. Bacardi's continued use of the Infringing Mark is willful and shows Bacardi's deliberate exploitation of the goodwill associated with the Registered Mark.

96. Bacardi has and will continue to unlawfully use the Infringing Mark unless enjoined.

97. As a direct and proximate result of Bacardi's willful and infringing actions, Timeless has suffered, and will continue to suffer, damage to business, reputation and goodwill, and loss of profits.

98. Bacardi has engaged in trademark infringement in violation of the common law of the State of Texas.

WHEREFORE, Plaintiff demands judgment against Defendant Bacardi U.S.A., Inc. for an amount to be determined at the trial of this cause, an order preliminarily and permanently enjoining Defendant from use of the Infringing Mark, disgorgement of all profits, and punitive damages, including attorneys' fees, disbursements and costs, and pre-judgment and post-judgment interest according to the law.

## JURY DEMAND

Timeless demands a jury trial on all issues so triable under Federal Rule of Civil Procedure 38.

DATED: June 2, 2025

Respectfully submitted,

*/s/ Georgia Jaye Zacest*
One of Plaintiff's Attorneys

Georgia Jaye Zacest
**FEGAN SCOTT LLC**
Texas Federal Bar No.: 3911859
708 Main, 10th Floor
Houston, TX 77002
Telephone: 830-212-4042
Email: georgia@feganscott.com

                                          Timothy A. Scott
                                        (to be admitted *pro hac vice*)
                                        **FEGAN SCOTT LLC**
                                        Illinois Bar No.: 6243846
                                        150 S. Wacker Dr., 24th Floor
                                        Chicago, IL 60606
                                        Telephone: 630-273-2625
                                        Email: tim@feganscott.com